**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DEBORAH WILLIAMS,

      Plaintiff,

    v.

STATE OF MARYLAND
DEPARTMENT OF HOUSING AND
COMMUNITY DEVELOPMENT,

      Defendant.

\*
\*
                               Civil Action No. 8:23-cv-1177-PX
\*
\*
\*
\*

\*\*\*

## <u>MEMORANDUM OPINION</u>

This case arises out of a denial of emergency rental assistance benefits.  ECF No. 1. Defendant Maryland Department of Housing and Community Development[1] ("MDOH") moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) & 12(b)(7).  Plaintiff has not responded to the motion to dismiss and the time for doing so has long passed.  *See* Loc. R. 105.6.  For the following reasons, MDOH's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED.

### I.    Background

For purposes of Defendant's motion to dismiss, the Court views the Complaint facts as true and most favorably to Plaintiff Deborah Williams as the non-movant.  The Court also construes the Complaint allegations liberally because Williams proceeds pro se.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] In its memorandum in support of its motion to dismiss, Defendant clarified that its name is "Department of Housing and Community Development" rather than "Maryland Department of HUD."  *See* ECF No. 10-1 at 1 n.1.  It requests that the docket and record be updated to reflect its correct name.  *See id.*  The Clerk is directed to update the docket accordingly.

In 2021, Williams applied for benefits under the Emergency Rental Assistance Program ("ERAP"), a federal program established to provide rental assistance to low-income individuals during the COVID-19 pandemic.  *See* ECF No. 1-1.  In 2022, Prince George's County Department of Housing and Community Development ("PGDOH") denied Williams' application because Williams' income, when combined with her daughter's, rendered the household ineligible for relief.  ECF No. 1-5 at 1–2; *see also* ECF No. 1-4 at 3.  The Complaint alleges that ERAP denied the funds erroneously because Williams proved that her daughter was living in Philadelphia where the daughter paid her own rent and attended college.  ECF No. 1 at 5; ECF No. 1-4 at 1–2.  Williams' daughter also does not appear on Williams' lease nor is a named payor on any household bills.  ECF No. 1-5 at 2.

Williams appealed PGDOH's denial of ERAP funds to MDOH.  ECF No. 1 at 5; *see* ECF No. 1-4 at 3.  MDOH, after meeting with Williams, upheld the decision, citing "discrepancies in [Williams'] application and eligibility criteria, specifically [her] income based on the household size of 2."  ECF No. 1-4 at 3.  MDOH also noted other documentation, provided in 2021, which reflected that Williams and her daughter did live together and had a combined income of $85,534.94.  *Id.*

On May 4, 2023, Williams filed suit in this Court against MDOH.  ECF No. 1.  The Complaint does not identify any specific cause of action, but more generally asserts that MDOH's decision violated the United States Treasury Guidelines[2] as well as the "administration of Maryland ERAP benefits."  *Id.* at 3.  As relief, Williams seeks $71,000 in what she terms rent

---

[2] The Complaint incorporates by reference the "U.S. Department of Treasury Emergency Rental Assistance Frequently Asked Questions."  ECF No. 1-1.

arrearage and another $6,000 in "fees" and "bills;" she also asks this Court to order "ERAP" to pay her landlord "the arrears as promised and in line with HUD guidelines." *Id.* at 4, 6.

MDOH moves to dismiss the Complaint for a variety of reasons, including for lack of subject matter jurisdiction. ECF No. 10. The Court agrees that it lacks subject matter jurisdiction and so it will dismiss the Complaint without prejudice.

**II.    Analysis**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's limited subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Thus, if "viewing the alleged facts in the light most favorable to the plaintiffs," *Lovern*, 190 F.3d at 654, the complaint fails to aver facts "upon which the court may base jurisdiction," the court must dismiss the suit. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

Federal court is one of limited jurisdiction. It may hear only cases that implicate a federal question or are brought pursuant to the Court's diversity jurisdiction. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. §§ 1331 & 1332. The Court retains federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

This Court follows the well pleaded complaint rule that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (The plaintiff is "the master of the claim," and "may avoid federal jurisdiction by exclusive reliance on state law.")).  It is, therefore, well settled that where the plaintiff pleads "only state-law claims for relief, notwithstanding any vague connection the underlying fact pattern may have to federal regulations," no federal question has been presented. *Ball v. Stylecraft Homes, LLC*, 564 F. App'x 720, 722–23 (4th Cir. 2014) (per curiam); *cf. Caterpillar*, 482 U.S. at 392.

Affording the Complaint a generous reading, Williams invokes this Court's federal question jurisdiction, and cites to MDOH's breach of the United States Treasury Guidelines or "HUD guidelines," as part of her claim.  *See* ECF No. 1 at 3, 6; ECF No. 1-1.  But those guidelines alone do not implicate a federal question.  *See Ball*, 564 F. App'x at 722–23.  The Complaint, at its core, simply asks this Court to review MDOH's denial of ERAP benefits.  ECF No. 1.  This is plainly insufficient to invoke federal question jurisdiction.[3]  *See* 28 U.S.C. § 1331.

Absent jurisdiction to hear the matter, the Court will not, indeed cannot, reach the merits of the claims.  *See Jones*, 192 F.3d at 422.  MDOH's motion to dismiss for lack of jurisdiction is granted.

---

[3]  The Complaint references a similar matter pending before the Honorable Ajmel A. Quereshi.  ECF No. 1 at 5; ECF No. 1-3; *see also Jeffries v. Maryland Dep't of Hous. & Cmty. Dev.*, 22-00526-AAQ, 2023 WL 6976066 (D. Md. Oct. 23, 2023).  Judge Quereshi permitted that case to proceed on an alleged violation of Jeffries' Fifth Amendment due process rights, a theory that appears foreclosed in this case.  *See Jeffries*, 2023 WL 6976066, at *1.  Whereas Jeffries pleaded denial of ERAP benefits with absolutely no process, the Complaint here incorporates MDOH's denial letter to Williams, which makes clear that Williams had been afforded an appeal meeting with MDOH, and in turn, MDOH explained the grounds for affirming the denial of ERAP benefits.  ECF No. 1 at 5; ECF No. 1-4 at 3; *cf. Mallette v. Arlington Cnty. Emp.'s Supplemental Ret. Sys.* II, 91 F.3d 630, 640 (4th Cir. 1996) (holding "[a]t minimum, the Constitution requires notice and some opportunity to be heard" (citing *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 178 (1951)).

A separate Order follows.

 March 19, 2024                                            /s/                                
Date                                                        Paula Xinis
United States District Judge